# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>                        Plaintiff,<br>  vs.<br>LUZ MARIA BOYD-MALONE,<br><br>                        Defendant. | CASE NO. 12cv2836-LAB (DHB)<br><br>**ORDER OF REMAND** |

On November 26, 2012, Defendant Luz Maria Boyd-Malone removed this pending unlawful detainer action from the Superior Court of California for the County of San Diego. The notice of removal makes clear Boyd-Malone is a resident of this District, and therefore has no right of removal to exercise. *See* 28 U.S.C. § 1441(b). The Court does not *sua sponte* remand for violation of the forum defendant rule, however. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006) (holding that forum defendant rule is non-jurisdictional and therefore may not serve as a basis for *sua sponte* remand by the district court).

That said, the Court is required to examine its own jurisdiction, *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000), and to remand a case where jurisdiction is lacking. 28 U.S.C. § 1447(c). The court presumes that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

/ / /

The notice of removal identifies the basis for this Court's exercise of jurisdiction as diversity. The complaint's underlying claims arise under state law, and no other basis for this Court's exercise of jurisdiction is apparent on the face of the complaint (Docket no. 1-3). The notice makes clear the removed case is an unlawful detainer action, in which the Bank of New York Mellon is seeking possession of a house Boyd-Malone is living in. The notice of removal therefore measures the amount in controversy as the value of the house.

The error, however, is that the underlying action merely seeks possession, not title, to the house. The title has already been transferred to the Bank, by means of a trustee sale. Furthermore, the notice of removal attaches a copy of a complaint in which Boyd-Malone is a plaintiff and the Bank a defendant. That case, 12cv2407-WQH (DHB), *Barr v. Bank of New York Mellon Corporation*, is also pending in this District, and seeks a declaration that Barr is the true owner of the property. That complaint identifies Boyd-Malone as Barr's lessee. It is therefore clear that ownership of the house is at stake only in *Barr*, and not in this case. *See Signet Doman, LLC v. Aintablian*, 2012 WL 5512388 at *1 (C.D.Cal., Nov. 14, 2012) (in unlawful detainer action, only possession is at issue, not title, and thus the amount in controversy is the amount sought in the complaint, not the value of the property).

The Court also notes that, in spite of Boyd-Malone's representations to the contrary, the unlawful detainer complaint pleads an amount in controversy less than $10,000. Furthermore, the complaint claims $45.93 per day as the fair rental value of the property. Because Boyd-Malone's potential interest in the subject house (which the complaint in *Barr* alleges was sold for $375,750) is nothing more than a possessory interest (*i.e.*, the right to live in it temporarily), the $10,000 limitation is reasonable.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  Because the amount in controversy is not met, the Court lacks jurisdiction over this
2 action. This action is therefore **REMANDED** to the Superior Court of California for the County
3 of San Diego.

5  **IT IS SO ORDERED**.
6 DATED:  November 28, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge